# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC., *et al.*,<br><br>Debtors. [1] | Chapter 11<br>Case No. 24-12480 (JTD) |
| Freedom Lender Group,<br><br>Appellants,<br><br>v.<br><br>Franchise Group, Inc., *et al.*,<br><br>Appellees. | C.A. No. 24-1394 (JLH)<br>C.A. No. 24-1403 (JLH)<br>C.A. No. 24-1404 (JLH)<br>C.A. No. 24-1405 (JLH) |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are Franchise Group, Inc. (1876), Freedom VCM Holdings, LLC (1225), Freedom VCM Interco Holdings, Inc. (2436), Freedom Receivables II, LLC (4066), Freedom VCM Receivables, Inc. (0028), Freedom VCM Interco, Inc. (3661), Freedom VCM, Inc. (3091), Franchise Group New Holdco, LLC (0444), American Freight FFO, LLC (5743), Franchise Group Acquisition TM, LLC (3068), Franchise Group Intermediate Holdco, LLC (1587), Franchise Group Intermediate L, LLC (9486), Franchise Group Newco Intermediate AF, LLC (8288), American Freight Group, LLC (2066), American Freight Holdings, LLC (8271), American Freight, LLC (5940), American Freight Management Company, LLC (1215), Franchise Group Intermediate S, LLC (5408), Franchise Group Newco S, LLC (1814), American Freight Franchising, LLC (1353), Home & Appliance Outlet, LLC (n/a), American Freight Outlet Stores, LLC (9573), American Freight Franchisor, LLC (2123), Franchise Group Intermediate B, LLC (7836), Buddy's Newco, LLC (5404), Buddy's Franchising and Licensing LLC (9968), Franchise Group Intermediate V, LLC (5958), Franchise Group Newco V, LLC (9746), Franchise Group Intermediate BHF, LLC (8260); Franchise Group Newco BHF, LLC (4123); Valor Acquisition, LLC (3490), Vitamin Shoppe Industries LLC (3785), Vitamin Shoppe Global, LLC (1168), Vitamin Shoppe Mariner, LLC (6298), Vitamin Shoppe Procurement Services, LLC (8021), Vitamin Shoppe Franchising, LLC (8271), Vitamin Shoppe Florida, LLC (6590), Betancourt Sports Nutrition, LLC (0470), Franchise Group Intermediate PSP, LLC (5965), Franchise Group Newco PSP, LLC (2323), PSP Midco, LLC (6507), Pet Supplies "Plus", LLC (5852), PSP Group, LLC (5944), PSP Service Newco, LLC (6414), WNW Franchising , LLC (9398), WNW Stores, LLC (n/a), PSP Stores, LLC (9049), PSP Franchising, LLC (4978), PSP Subco, LLC (6489), PSP Distribution, LLC (5242), Franchise Group Intermediate SL, LLC (2695), Franchise Group Newco SL, LLC (7697), and Educate, Inc. (5722). The Debtors' headquarters is located at 109 Innovation Court, Suite J, Delaware, Ohio 43015.

**THE AD HOC GROUP OF FREEDOM LENDERS'
STATEMENT OF THE ISSUES ON APPEAL AND DESIGNATION
OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Pursuant to Fed. R. Bankr. P. 8009(a), the Ad Hoc Group of Freedom Lenders[2] (the

"**Appellants**" or the "**Freedom Lender Group**") hereby submits this statement of issues on appeal

and designation of the record (together the "**Designation**") in connection with its appeals of the

(i) *Order Denying Motion of the Ad Hoc Group of Freedom Lenders Seeking Entry of an Order*

*(I) Terminating Exclusivity in the Holdco Debtors' Cases, (II) Lifting the Automatic Stay in the*

*Holdco Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the Holdco Debtors* [Bankr.

D.I. 460] (the "**Order Denying Freedom Lender Group Motion**"); (ii) the *Order (I) Authorizing*

*the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B)*

*Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative*

*Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV)*

*Modifying the Automatic Stay, and (V) Granting Related Relief* [Bankr. D.I. 414] (the "**Final DIP**

**Order**"); (iii) the *Order (I) (A) Approving Bidding Procedures for the Sale of All or Substantially*

*All of the Debtors' Assets, (B) Scheduling An Auction And a Sale Hearing and Approving the Form*

*and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D)*

*Granting Related Relief* [Bankr. D.I. 411] (as amended by the *Order (I) (A) Approving Bidding*

*Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an*

*Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C)*

---

[2] The Freedom Lender Group is comprised of certain HoldCo Lenders and Second Lien OpCo
Lenders, as named in the *Verified Statement of the Ad Hoc Group of Freedom Lenders Pursuant
to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [Bankr. D.I. 229], as it may be
amended and supplemented from time to time.

*Approving Assumption and Assignment Procedures, and (D) Granting Related Relief* [Bankr. D.I. 444] entered on December 16, 2024 (the "**Bidding Procedures Order**"); and (iv) the *Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief* [Bankr. D.I. 410] (the "**Critical Vendors Order**"), and all other subsumed judgments, orders, and decrees brought up for review in the appeal.

## I.    Statement of Issues to be Presented on Appeal

Appellants present the following statement of issues to be considered on appeal:

### A.    Order Denying Freedom Lender Group Motion

1.    Whether the United States Bankruptcy Court for the District of Delaware (Dorsey, J.) (the "**Bankruptcy Court**") erred in denying *Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors* [Bankr. D.I. 192], including, without limitation:

   a.    Whether the Bankruptcy Court erred in declining to terminate the exclusivity periods of Freedom VCM, Inc. and Freedom VCM Interco, Inc. (the "**HoldCo Debtors**") pursuant to section 1121(d)(1) of Bankruptcy Code where uncontested evidence demonstrated that the factors for terminating exclusivity set forth in *Adelphia Commc'ns Corp.*, 352 B.R. 578 (Bankr. S.D.N.Y. 2006) weighed in favor of terminating exclusivity and where the Bankruptcy Court did not consider the *Adelphia* factors in its ruling;

   b.    Whether the Bankruptcy Court erred in declining to terminate the exclusivity periods for the HoldCo Debtors, where the Bankruptcy Court did not find that, and failed to consider whether, doing so would be in the best interest of the Holdco Debtors specifically;

   c.    Whether the Bankruptcy Court erred in not finding cause to lift the automatic stay for the HoldCo Debtors in order to allow the Appellants to exercise their contractual remedies with respect to their collateral at the HoldCo Debtors;

   d.    Whether the Bankruptcy Court erred in finding that Appellants failed to meet their burden of establishing that their collateral has value, where uncontested evidence established that such collateral did have value, and therefore subsequently erred in concluding that Appellants were adequately protected (or not entitled to adequate protection) pursuant to sections 362(d)(1) and 362(g) of the Bankruptcy Code;

e.     Whether the Bankruptcy Court erred in ruling that cause did not exist to appoint a Chapter 11 Trustee for the HoldCo Debtors; and

f.     Whether the Bankruptcy Court erred in holding that there is no conflict of interest between the HoldCo Debtors and their operating subsidiaries.

**B.     Final DIP Order**

1.     Whether the Bankruptcy Court erred in granting the *Debtors' Motion for Entry on Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Bankr. D.I. 51], under which the Debtors are authorized to obtain postpetition financing (the "**DIP Facility**"), consisting of a new money first-out delayed draw term loan facility of up to $250 million (the loans extended thereunder, the "**New Money DIP Loans**") and the conversion of two dollars of prepetition secured claims into claims under the DIP Facility for every dollar of new money loaned under the DIP Facility (the "**Roll-Up**"), including, without limitation:

a.     Whether the Bankruptcy Court erred in authorizing Freedom VCM Interco, Inc. and Freedom VCM, Inc. (together, the "**HoldCo Debtors**") to become obligated on any portion of the DIP Facility, where the evidence established that the HoldCo Debtors are not expected to receive any proceeds of, or any other benefit from, the DIP Facility;

b.     Whether the Bankruptcy Court erred in ruling that the obligations that would be imposed on the HoldCo Debtors under the DIP Facility were actual and necessary costs or expenses of preserving the HoldCo Debtors' estates;

c.     Whether the Bankruptcy Court erred in allowing the DIP Facility to provide liens on the HoldCo Debtors' unencumbered assets, including potentially valuable claims and causes of action, that would otherwise be distributed exclusively to creditors of the HoldCo Debtors;

d.     Whether the Bankruptcy Court erred in allowing the HoldCo Debtors to become obligated under the DIP Facility up to an undetermined amount based on an anticipated allocation of expenses to the Holdco Debtors, where the evidence established that the Debtors have not determined a methodology or process for allocating expenses;

e.     Whether the Bankruptcy Court erred in authorizing the New Money DIP Loans, where the evidence established that the amount of the New Money DIP Loans was far in excess of the funds needed by the Debtors based on the Debtors' own projections and would likely prevent the Debtors from exploring alternative restructuring strategies;

f.     Whether the Bankruptcy Court erred in authorizing the Roll-Up, including (a) whether a bankruptcy court has the power to convert pre-petition claims into superpriority administrative expense claims as the Bankruptcy Court did in connection with the Roll-Up and (b) if a bankruptcy court does have such power, whether the Bankruptcy Court erred in authorizing the Roll-Up here, where the amount of the Roll-Up is twice the amount of the New Money DIP Loans and where the evidence established that the Roll-Up would likely prevent the Debtors from considering alternative restructuring strategies;

g.     Whether the Bankruptcy Court erred in ruling that adequate protection liens and claims provided to second lien prepetition secured creditors provide sufficient adequate protection, despite the priming liens under the DIP Facility causing a dollar-for-dollar diminution of the second lien prepetition secured creditors' collateral and proceeds of the DIP Facility being used, in part, to make almost $100 million of payments to unsecured critical vendor and section 503(b)(9) claims in violation of the Bankruptcy Code's priority scheme;

h.     Whether the Bankruptcy Court erred in not ruling that the DIP Facility amounts to an impermissible *sub rosa* plan, including, where the evidence established that the DIP Facility (i) includes events of default, milestones and covenants tied to a prepetition restructuring support agreement and the plan term sheet attached thereto, (ii) is tied to a plan that would equitize a portion of the DIP Facility at a discount to a not-yet-determined plan value, and (iii) includes a "fiduciary out" that is illusory; and

i.     Whether the Bankruptcy Court erred in approving certain extraordinary relief in connection with the DIP Facility, including waivers of section 506(c) of the Bankruptcy Code and the "equities of the case" exception of section 552(b) of the Bankruptcy Code.

**C.     Bidding Procedures Order**

1.     Whether the Bankruptcy Court erred in granting the *Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Bankr. D.I. 154], including, without limitation:

a.     Whether the Bankruptcy Court erred in approving the proposed sale timeline, where the evidence established that the Debtors had liquidity to run a longer process and that such a longer process would maximize value;

    b.   Whether the Bankruptcy Court erred in not holding that the Debtors' use of cash collateral to run a marketing process prior to approval of bidding procedures was unauthorized and improper;

    c.   Whether the Bankruptcy Court erred in allowing the Debtors to impose minimum bid requirements without a stalking horse bidder, where the evidence established that such minimum bid requirements would chill bidding and therefore not maximize value; and

    d.   Whether the Bankruptcy Court erred in not holding that the first lien prepetition secured creditors had excessive control over the Debtors' sale process.

### D.    Critical Vendors Order

1.    Whether the Bankruptcy Court erred in granting the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief* [Bankr. D.I. 10], including, without limitation, whether the Bankruptcy Court erred in its interpretation of the doctrine of necessity when it allowed for the payment of prepetition claims including: (i) allowing the payment of unsecured prepetition claims without first offering reasonable financial accommodations to the vendors, including a standby letter of credit; (ii) allowing the payment of Shippers and Lienholders' claims, even though those parties are subject to executory contracts, in violation of 11 U.S.C. 365, and even though any attempt to assert liens would violate 11 U.S.C. 326(a); (iii) allowing payments to the prepetition creditors of American Freight, even though the business was in liquidation; and (iv) allowing prepayment of 503(b)(9) claims rather than waiting until the end of the case and/or ensuring that the creditors were important to the business going forward.

## II.    Designation of Items to be Included in the Record on Appeal

    Appellants submit the following designation of items to be included in the record on appeal.

The designation of each item is also a designation of any exhibits, appendices, and/or addenda attached to or included with such item.

### A.    Docket Entries

| Item | Date Filed / Entered | Bankr. D.I. | Description | Hearing Ex. No.[3] |
|------|----------------------|-------------|-------------|----------------|
| 1 | 11/3/2024 | 1 | Chapter 11 Voluntary Petition | |

---

[3] Items designated herein that were admitted into evidence at the Hearings held on December 10 and December 11, 2024 are cross-referenced in this column.

| 2 | 11/3/2024 | 10 | Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors' to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief | Debtor Exhibit 2 |
| 3 | 11/4/2024 | 15 | Declaration of David Orlofsky in Support of Debtors' Chapter 11 Petitions and First Day Pleadings | Debtor Exhibit 1 |
| 4 | 11/4/2024 | 51 | Debtors' Motion for Entry on Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief | Debtor Exhibit 8 |
| 5 | 11/4/2024 | 52 | Declaration of Christopher Grubb in Support of Debtors' Motion for Entry on Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief | Debtor Exhibit 9 |
| 6 | 11/5/2024 | 76 | Notice of Filing of Blackline of Proposed Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief | |

| 7 | 11/6/2024 | 129 | Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers and 503(b)(9) Claimants; and (II) Granting Related Relief | |
| 8 | 11/7/2024 | 133 | Certification of Counsel Certification of Counsel Submitting Revised Proposed Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief | |
| 9 | 11/7/2024 | 134 | Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief | Debtor Exhibit 10 |
| 10 | 11/5/2024 | 139 | Transcript Regarding Hearing Held 11/5/2024 re: First Day Motions[4] | Debtor Exhibit 27 |
| 11 | 11/6/2024 | 140 | Transcript Regarding Hearing Held 11/6/2024 re: First Day Motions - Day 2[5] | Debtor Exhibit 28 |
| 12 | 11/11/2024 | 150 | Joint Chapter 11 Plan of Franchise Group, Inc. and its Affiliated Debtors | FLG Exhibit 1 |
| 13 | 11/11/2024 | 151 | Disclosure Statement for the Joint Chapter 11 Plan of Franchise Group, Inc. and Its Affiliated Debtors | |

---

[4] A copy of the transcript of Hearing held on 11/5/2024 is attached hereto as **Exhibit B**.

[5] A copy of the transcript of Hearing held on 11/6/2024 is attached hereto as **Exhibit C**.

| 14 | 11/11/2024 | 154 | Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief | Debtor Exhibit 18 |
| --- | --- | --- | --- | --- |
| 15 | 11/20/2024 | 192 | Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors | |
| 16 | 11/20/2024 | 193 | Declaration of Brett Bakemeyer in Support of the Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors | FLG Exhibit 2 |
| 17 | 11/20/2024 | 194 | The Ad Hoc Group of Freedom Lender's Emergency Motion for Entry of an Order (I) Adjourning the Second Day Hearing Set for December 10, 2024, (II) Extending the Objection Deadlines in Connection with the Second Day Hearing and (III) Granting Related Relief | |
| 18 | 11/21/2024 | 217 | Second Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers and 503(b)(9) Claimants; and (II) Granting Related Relief | |

| 19 | 11/22/2024 | 229 | Verified Statement of the Ad Hoc Group of Freedom Lenders Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure | |
| 20 | 11/25/2024 | 241 | Limited Objection of Front Street Kansas City, LLC to Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief | |
| 21 | 11/25/2024 | 242 | Limited Objection of Buddy Mac Holdings, LLC to the Debtors' Motion for Entry of an Order Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets | |
| 22 | 11/21/2024 | 248 | Transcript Regarding Omnibus Hearing Held 11/21/2024[6] | |
| 23 | 12/2/2024 | 274 | [SEALED] Objection of the Ad Hoc Group of Freedom Lenders to Final Approval of the Debtors' DIP Motion | |
| 24 | 12/2/2024 | 275 | [SEALED] Objection to Debtors' Bidding Procedures Motion | |
| 25 | 12/2/2024 | 276 | [SEALED] Declaration of Neil A. Augustine in Support of the Objection of the Ad Hoc Group of Freedom Lenders to Debtors' Bidding Procedures | Debtor Exhibit 19 |

---

[6] A copy of the transcript of Hearing held on 11/21/2024 is attached hereto as **Exhibit D**.

| 26 | 12/2/2024 | 277 | [SEALED] Objection of the Ad Hoc Group of Freedom Lenders to Final Approval of the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers and 503(b)(9) Claimants; and (II) Granting Related Relief | |
| 27 | 12/2/2024 | 278 | [SEALED] Declaration of Brett Bakemeyer in Support of the Objection to Ad Hoc Group of Freedom Lenders to Final Approval of the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers and 503(b)(9) Claimants; and (II) Granting Related Relief | FLG Exhibit 3 |
| 28 | 12/3/2024 | 287 | Debtors' Notice of Deposition to Neil A. Augustine in Connection with the Objection of the Ad Hoc Group of Freedom Lenders to Debtors' Bidding Procedures Motion | |
| 29 | 12/3/2024 | 294 | The Official Committee of Unsecured Creditors' Response to Motion of The Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors | |
| 30 | 12/3/2024 | 297 | Debtors' Objection to the Ad Hoc Group of Freedom Lenders' Emergency Motion for Entry of an Order (I) Adjourning the Second Day Hearing Set for December 10, 2024, (II) Extending the Objection Deadlines in Connection with the Second Day Hearing and (III) Granting Related Relief | |

| 31 | 12/3/2024 | 298 | Debtors' Objection to Motion of the Freedom Lender Group for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors | |
| 32 | 12/3/2024 | 299 | Objection of the Ad Hoc Group of First Lien Lenders to the Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors | |
| 33 | 12/3/2024 | 300 | Declaration of Betsy L. Feldman in Support of Debtors' Objection to Motion of the Freedom Lender Group for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors | |
| 34 | 12/3/2024 | 302 | Declaration of Daniel A. Fliman in Support of Objection the Ad Hoc Group of First Lien Lenders to the Motion of the Ad Hoc Group of Freedom Lenders for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors), and Exhibits attached thereto | 1L Lenders Exhibit 1 |
| 35 | 12/4/2024 | 305 | Limited Objection of Certain Landlords to Motion of Debtors to Approve Post-Petition Financing | |
| 36 | 12/4/2024 | 308 | Supplement to Objection of the Ad Hoc Group of Freedom Lenders to Final Approval of the Debtors' DIP Motion | FLG Exhibit 4 |

| 37 | 12/5/2024 | 309 | Limited Objection of WPG Legacy, LLC to Debtors' Motion For Entry Of Orders (I) (A) Approving Bidding Procedures For The Sale Of All Or Substantially All Of The Debtors' Assets, (B) Scheduling An Auction And A Sale Hearing And Approving The Form And Manner Of Notice Thereof, (C) Approving Assumption And Assignment Procedures, And (D) Granting Related Relief; And (II) (A) Approving The Sale Of The Debtors' Assets Free And Clear Of Liens, Claims, Interests, And Encumbrances, (B) Approving The Assumption And Assignment Of Executory Contracts And Unexpired Leases, And (C) Granting Related Relief | |
|----|-----------|-----|------------------------------------------------------|--|
| 38 | 12/5/2024 | 322 | [REDACTED] Objection of the Ad Hoc Group of Freedom Lenders to Debtors' Bidding Procedures Motion | |
| 39 | 12/5/2024 | 323 | [REDACTED] Declaration of Neil A. Augustine in Support of the Ad Hoc Group of Freedom Lenders' Objection to Debtors' Bidding Procedures Motion | |
| 40 | 12/5/2024 | 328 | Limited Objection Of Certain Landlords To Motion Of Debtors For Entry Of An Order Authorizing And Approving Bidding Procedures For The Sale Of Debtors' Assets | |
| 41 | 12/5/2024 | 331 | Ad Hoc Group of Freedom Lenders' Motion to Seal (I) Its Objections to the Debtors' DIP Motion [D.I. 274]; (II) Its Objection to Debtors' Critical Vendor Motion [D.I. 277]; and (III) the Bakemeyer Declaration [D.I. 278] | |
| 42 | 12/6/2024 | 334 | Declaration of Christopher Grubb in Support of the Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All of Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief | Debtor Exhibit 20 |

| 43 | 12/6/2024 | 335 | Notice of Filing of Revised Exhibit to the Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief | Debtor Exhibit 21 |
| 44 | 12/6/2024 | 336 | Notice of Filing of Proposed Final Order (I) (A) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secures Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief | Debtor Exhibit 14 |
| 45 | 12/6/2024 | 339 | Supplemental Declaration of David Orlofsky in Support of Critical Vendor Motion | Debtor Exhibit 3 |
| 46 | 12/6/2024 | 357 | Debtors' Reply in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors' to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief | Debtor Exhibit 4 |

| 47 | 12/6/2024 | 358 | Declaration of Betsy L. Feldman in Support of Debtors' Reply in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors' to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief, and Exhibits attached thereto | Debtor Exhibit 5 |
| 48 | 12/6/2024 | 359 | Debtors' Reply in Support of Motion for Postpetition Financing and Use of Cash Collateral | Debtor Exhibit 13 |
| 49 | 12/6/2024 | 360 | Debtors' Reply in Support of Debtors' Motion for Entry of Orders (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling An Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief | Debtor Exhibit 22 |
| 50 | 12/6/2024 | 361 | Notice of Filing of Revised Proposed Order (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief | Debtor Exhibit 24 |
| 51 | 12/6/2024 | 363 | The Ad Hoc Group of Freedom Lenders' Reply in Support of Their Emergency Motion for Entry of an Order (I) Adjourning the Second Day Hearing Set for December 10, 2024, (II) Extending the Objection Deadlines in Connection with the Second Day Hearing and (III) Granting Related Relief | |
| 52 | 12/6/2024 | 364 | Declaration of Erin M. Smith in Support of the Ad Hoc Group of Freedom Lenders' Reply in Support of Their Emergency Motion for Entry of an Order (I) Adjourning the Second Day Hearing Set for December 10, 2024, (II) Extending the Objection Deadlines in Connection | FLG Exhibit 5 |

| | | | with the Second Day Hearing and (III) Granting Related Relief | |
|---|---|---|---|---|
| 53 | 12/6/2024 | 365 | Omnibus Reply of the Ad Hoc Group of Freedom Lenders in Support of Its Motion for Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors | |
| 54 | 12/6/2024 | 367 | Ad Hoc Group of First Lien Lenders' Joinder and Reply in Support of Debtors' DIP Motion and Reply to the Objection of the Ad Hoc Group of Freedom Lenders to Final Approval of the Debtors' DIP Motion | |
| 55 | 12/6/2024 | 368 | Joinder of the Ad Hoc Group of First Lien Lenders to the Debtors' Reply in Support of Debtors' Motion for Entry of Orders (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief | |
| 56 | 12/8/2024 | 370 | Declaration of Andrew Laurence in Support of Motion for Postpetition Financing and Use of Cash Collateral | Debtor Exhibit 17 |
| 57 | 12/9/2024 | 377 | Statement of the Official Committee of Unsecured Creditors in Support of the Debtors' (I) DIP Motion and (II) Bidding Procedures Motion | |

| 58 | 12/9/2024 | 381 | Reply of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief | |
| 59 | 12/9/2024 | 385 | Notice of Filing of Revised Proposed Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief | |
| 60 | 12/10/2024 | 403 | Notice of Filing of Updated Budget to Proposed Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief | |
| 61 | 12/11/2024 | 404 | Notice of Filing of Further Revised Exhibit to the Debtors Motion for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D)Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and | |

| | | | | |
|---|---|---|---|---|
| | | | Unexpired Leases, and (C) Granting Related Relief | |
| 62 | 12/11/2024 | 410 | Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Certain Critical Vendors, Foreign Vendors, Shippers & Logistics Providers, and 503(b)(9) Claimants; and (II) Granting Related Relief | |
| 63 | 12/11/2024 | 411 | Order (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief | |
| 64 | 12/11/2024 | 414 | Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief | |

| 65 | 12/10/2024 | 422 | Transcript Regarding Hearing Held 12/10/2024 re: Motions Hearing[7] | |
| 66 | 12/11/2024 | 423 | Transcript Regarding Hearing Held 12/11/2024 re: Motions Hearing Continued[8] | |
| 67 | 12/16/2024 | 444 | Order (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors Assets, (B) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, and (D) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief | |
| 68 | 12/18/2024 | 460 | Order Denying Motion of the Ad Hoc Group of Freedom Lenders Seeking Entry of an Order (I) Terminating Exclusivity in the HoldCo Debtors' Cases, (II) Lifting the Automatic Stay in the HoldCo Debtors' Cases, or (III) Appointing a Chapter 11 Trustee for the HoldCo Debtors | |
| 69 | 12/17/2024 | 471 | Transcript Regarding Hearing Held 12/17/2024 re: Stay Relief Motion[9] | |
| 70 | 12/18/2024 | 466 | Notice of Appeal | |
| 71 | 12/18/2024 | 467 | Notice of Appeal | |
| 72 | 12/18/2024 | 468 | Notice of Appeal | |
| 73 | 12/18/2024 | 469 | Notice of Appeal | |

**B.    Hearing Exhibits**

---

[7] A copy of the transcript of Hearing held on 12/10/2024 is attached hereto as **Exhibit E**.

[8] A copy of the transcript of Hearing held on 12/11/2024 is attached hereto as **Exhibit F**.

[9] A copy of the transcript of Hearing held on 12/17/2024 is attached hereto as **Exhibit G**.

All other items admitted into evidence at the Hearings held on December 10 and 11, 2024 are designated and attached hereto as Exhibit A. Appellants will supply all such evidence to the extent necessary and at the Court's request but will direct the Court to the relevant portions of the exhibits in the appendix to be filed with Appellants' opening brief.

## RESERVATION OF RIGHTS

Appellants reserve the right to amend, modify, and/or supplement this Designation, and/or to object, or otherwise supplement or move to strike or modify, some or all of any designation filed by any other party to this appeal.  This filing is made expressly subject to, and without waiver of, any and all of Appellants' rights, remedies, challenges, and objections.

## CERTIFICATION PURSUANT TO BANKRUPTCY RULE 8009(b)

Bankruptcy Rule 8009(b) requires an appellant to a bankruptcy court ruling to either: (i) order from the court reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal and file a copy of the order with the bankruptcy clerk; or (ii) file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.  Pursuant to Bankruptcy Rule 8009(b), Appellants hereby certify to the Clerk of Court that they are not ordering a transcript not already included in the record on appeal.

Dated: January 2, 2025
Wilmington, Delaware

Respectfully submitted,

**FARNAN LLP**

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
      mfarnan@farnanlaw.com

-and-

**WHITE & CASE LLP**

Thomas Lauria (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com

-and-

J. Christopher Shore (admitted *pro hac vice*)
Andrew Zatz (admitted *pro hac vice*)
Colin T. West (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Erin Smith (admitted *pro hac vice*)
Brett Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: cshore@whitecase.com
      azatz@whitecase.com
      cwest@whitecase.com
      sam.hershey@whitecase.com
      erin.smith@whitecase.com
      brett.bakemeyer@whitecase.com

*Counsel to the Ad Hoc Group of Freedom
Lenders*